COMMONWEALTH *vs.* THE INHABITANTS OF SHEFFIELD.

An indictment under Rev. Sts. *c.* 23, § 5, for neglecting to maintain a high school, need not negative a compliance with the subsequent *St.* of 1850, *c.* 274.

If such indictment aver a neglect to maintain such school for three successive years, and a general verdict of guilty is returned, judgment will be arrested, as no certain penalty can be inflicted under Rev. Sts. *c.* 23, § 60.

INDICTMENT under Rev. Sts. *c.* 23, § 5, for neglecting to keep a high school; alleging in substance in one count that the defendants, from the 1st day of January, 1848, to the finding of the bill, July, 1852, had neglected to maintain, &c. The second count alleged such neglect to have continued from the 5th July, 1849, to the time of finding the bill. After a general verdict of guilty in the court of common pleas, the defendants moved in arrest of judgment. 1. Because the indictment did not negative a compliance by the defendants with the provisions of *St.* 1850, *c.* 274, authorizing towns to maintain certain schools in place of the high school required by Rev. Sts. *c.* 23, § 5. 2. Because the offence created by that statute is an annual one, and must be indicted as such, or no legal judgment can be rendered for the penalty given by Rev. Sts. *c.* 23, § 60. *Bishop*, J. overruled the motion in arrest, and the defendants excepted to the ruling.

*J. Rockwell & C. N. Emerson*, for the defendants.

*R. Choate*, (attorney-general,) for the commonwealth.

BIGELOW, J. The motion in arrest of judgment on the ground that the indictment in the present case contains no

averment that the defendants did not maintain a school according to the provisions of *St.* 1850, *c.* 274, cannot be maintained. The rule of pleading in criminal cases is well settled, that if there is an exception in the enacting clause of a statute, the party pleading must set out that the defendant is not within it, because in such case the exception constitutes an essential part of the definition of the offence ; but if an exception is created by a subsequent clause or a subsequent statute, it is matter of defence, and must be shown by the defendant in answer to the offence charged against him. 1 Chit. Cr. Law, 231. This rule has been recently recognized and applied by this court. *Commonwealth* v. *Hart,* ante, 130. The present case falls very clearly within the latter branch of the rule. The offence for which the defendants are indicted, is created by Rev. Sts. *c.* 23, § 5, and the exception or limitation to it by *St.* 1850, *c.* 274. It was, therefore, for the defendants to show in their defence, that they were within the latter statute, and not for the pleader to aver that they were not within it.

The remaining objection to the indictment, upon which the motion in arrest is founded, presents a more difficult question. The statute under which the present indictment is found, requires towns containing five hundred families or householders, to maintain schools of a certain grade therein specified, " ten months at least exclusive of vacations in such year." Rev. Sts. *c.* 23, § 5. The penalty for a neglect or refusal by any such town to comply with this requisition, is fixed by section 60 of the same chapter at " a sum equal to twice the highest sum, which had ever before been voted for the support of schools therein." The word year, as used in this statute, must be taken to be a calendar year. Rev. Sts. *c.* 2, § 6. A town, therefore, containing the required number of families or householders, would be liable to the prescribed penalty for each calendar year during which it neglected to raise money for the support of a school such as is specified in the statute, and this penalty not being a fixed one, but being made to depend on the highest sum ever before raised in the town for the support of schools, might change each year, if the town should increase by vote its annual appropriation for the support of schools.

The indictment in the present case contains two counts. The first count charges a neglect and refusal to comply with the statute from January, 1848, to the time of the finding of the indictment, a period of four and a half years; the second count charges a similar neglect and refusal from July, 1849, to the time of finding the indictment, a period of three years. Upon an indictment thus framed, the jury have returned a general verdict of guilty. This it would have been competent for them to do on proof of neglect or refusal to maintain a school contrary to the provisions of the statute, during any one of the years comprehended by the averments of time in the indictment. Each count must be taken to set out only one substantive offence. But there is nothing on the record to show the year during which the offence of which they have been convicted was committed. It may have been in the year 1849, or in any one of the three following years. Now, it is very clear that the penalty incurred might be different for each one of the years included in the indictment, depending on the amount raised for the support of schools by the defendants during the year previous. If, for instance, the defendants were found guilty of the offence charged in the year 1849, the forfeiture would be regulated by the largest sum previously to that year raised for the support of schools in the town; but if they were convicted of the offence for the year 1850, and the largest sum for the support of schools had been raised by the defendants in the year 1849, the sum so raised would be the basis on which to calculate the penalty. There is, therefore, nothing on the record from which the court can ascertain the precise year during which the defendants have been guilty of the offence charged, and upon proof of which, they have been convicted. The offence being in its nature an annual one, and the penalty being made to depend on the votes of the town raising money for the support of schools in years previous to the commission of the offence, it is essential that the record should set out with precision the year during which the defendants have violated the provision of the statute; otherwise, there is nothing from which the court can ascertain the judgment to be rendered on a conviction.

The difficulty is, not that it would be necessary in imposing a penalty under this statute, to resort to extrinsic evidence by proof of the votes of the town in raising money for the support of schools; the nature of the penalty would require this to be done in all cases. But the defect is, that there is no precise averment in the indictment of the year when the offence was committed, by which the court, in fixing the forfeiture, can properly apply such proof when received. For this reason, it appears to us that the present indictment cannot be sustained without a violation of the elementary rule of pleading in criminal cases, which requires that every offence should be so set out, that the court may know from the indictment what judgment is to be pronounced on conviction.

*Judgment arrested.*